**Christie DADISKOS, Plaintiff-Appellant,**

v.

**Lawrence SHOREY, Defendant-Appellee.**

**No. 139, Docket 23664.**

United States Court of Appeals
Second Circuit.

Argued Dec. 19, 1955.

Decided Jan. 16, 1956.

Snow Gene Munford, Hartford, Conn., for plaintiff-appellant.

Cyril Coleman and Warren Maxwell, Hartford, Conn. (Day, Berry & Howard, Hartford, Conn., of counsel), for defendant-appellee.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

Defendant backed his automobile at a slow speed into the front of plaintiff's motionless auto. Plaintiff's vehicle suffered slight damage claimed to total "about $54." The plaintiff, who operates a hat-cleaning and shoeshine business with the help of his son and an occasional shoeshine boy, claimed that the collision seriously and permanently injured his back and prevented him from working for a considerable period. He brought this action to recover for alleged personal injuries and property damage of $70,000. Jurisdiction was predicated on diversity of citizenship. The jury returned a verdict for the plaintiff of $1,227.95. Plaintiff appeals from the denial of his motion to set aside the verdict and order a new trial.

Plaintiff claims error in the introduction into evidence of plaintiff's income tax returns for the years immediately preceding and during the alleged period of incapacity. The returns were admissible to impeach plaintiff's testimony that he was incapacitated during a time when his business was actually growing. Plaintiff's brief charged that defendant's counsel made prejudicial comments to the jury concerning insurance, but this claim of error was withdrawn at the argument. Plaintiff's primary complaint appears to be that the jury's award was inadequate. But the specific items of damage relating to personal injuries totaled only $569.50, and a primary and much-controverted issue at the trial was the extent of the injuries, if any, to the plaintiff.

Affirmed.